### HUYKE *v.* ARRESE.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 119.—Resuelto en junio 7, 1907.

POSESIÓN—SUS EFECTOS—TERCEROS.—Las disposiciones del artículo 455 del Có-
digo Civil no tienen aplicación á aquellos que tuvieren el carácter de terceros,
por haber adquirido con las condiciones de la Ley Hipotecaria.

ID.—ACCESIÓN POR EDIFICACIÓN—SIEMBRA Ó PLANTACIÓN—CUASI CONTRATOS.—
Las disposiciones de los artículos 370, 1056 y 1788 del Código Civil no tienen
aplicación á aquellos casos en que el dueño de las mejoras las verifica en su
caiácter de dueño del inmueble y no como mero poseedor del mismo, por lo
que no hay términos hábiles para estimar la existencia de un cuasi contrato
con un tercero que hubiere adquirido los bienes con posterioridad.

ID.—ANOTACIÓN DE EMBARGO—ADJUDICACIÓN DE FINCA EMBARGADA.—El caso de
autos es el siguiente: En pleito seguido por A contra B, se adjudicaron al
primero bienes de B, sobre los que se *había anotado ya* un embargo á favor
de C; adjudicados los mismos bienes á C., y cancelada la adjudicación que
de ellos se hiciera á A., éste reclamó de C. las mejores hechas en las fincas,
fundando su reclamación en los artículos 455, 370, 1056 y 1788 del Código Civil.
*Se resolvió* que C. es tercero que adquirió con las condiciones de la Ley
Hipotecaria, y no .viene obligado al pago de esas mejoras, y aunque A. poseyó
de buena fe, y tiene derecho á ser reintegrado de los gastos necesarios y útiles
hechos en las fincas, carece, no obstante, de acción contra C.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Lassalle.*

Abogado del apelado: *Sr. Sarmiento.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del
tribunal.

En juicio de mayor cuantía seguido ante el suprimido juz-
gado de primera instancia de Guayama, por Enrique Huyke

contra la Sucesión de Sebastián Massanet, sobre cobro de diez mil quinientos pesos, fueron adjudicados al demandante por auto de cinco de julio de 1898, entre otros bienes, una finca rústica de nueve y media cuerdas de terreno, con casa de bajos de mampostería y altos de madera, situada dicha finca en el barrio de "Cuatro calles" del pueblo de Arroyo, y además, una casa de mampostería, techada de hierro, en la calle de la Marina del mismo pueblo, habiéndose inscrito ambas adjudicaciones en el Registro de la Propiedad de Guayama, la de la finca rústica en tres de enero de 1899, y la de la casa en ocho de febrero del mismo año.

Con anterioridad á la adjudicación de ambas fincas á Enrique Huyke, ó sea, desde 14 de marzo de 1898 se había tomado en el Registro de la Propiedad de Guayama anotación del embargo de las mismas, practicado en juicio ejecutivo seguido ante el suprimido juzgado de primera instancia del distrito de San Francisco de esta capital por Estéban Arrese contra la sociedad Mercantil Massanet y Vidal en cobro de seis mil quinientos pesos, en cuyo juicio recayó sentencia de remate con fecha cinco de julio de 1898, habiéndose adjudicado al ejecutante Arrese en parte de pago de su crédito por auto de 9 de mayo de 1900, entre otros bienes, las dos fincas de que se trata, cuya adjudicación fué inscrita en el Registro de la Propiedad de Guayama con fecha 7 de septiembre de 1900.

Como en dicho registro aparecía que la inscripción de adjudicación á favor de Huyke se había hecho con posterioridad á la anotación de embargo sobre los mismos bienes tomada en el propio registro, la corte de distrito de San Juan á instancia de Arrese ordenó por auto de quince de mayo de 1900 que Enrique Huyke fuera notificado de la adjudicación hecha á Arrese á los efectos del artículo 71 de la Ley Hipotecaria, por si quería librar dichos bienes dentro del término de diez días; y no habiéndolo verificado, la misma corte, á petición de Arrese, dispuso por auto de 30 de junio siguiente, que se can-

celara la inscripción de adjudicación hecha á favor de Huyke, como así se hizo.

Durante el tiempo que Huyke estuvo en posesión de las fincas que pasaron luego á ser propiedad de Arrese, ocurrió el Ciclón de San Ciriaco en ocho de agosto de 1899, que causó daños considerables en ellas, habiendo gastado Huyke, según alega, la suma de dos mil ciento ochenta y nueve pesos setenta y nueve centavos moneda provincial, para reparar los desperfectos sufridos.

A fin de obtener el reintegro de la expresada suma, presentó demanda Enrique Huyke ante la Corte de Distrito de Humacao, en 8 de agosto de 1901, contra Estéban Arrese, de cuya demanda vino luego á conocer la Corte de Distrito de San Juan, la que por sentencia de treinta de noviembre del año próximo pasado, estimó que los hechos y la ley están en favor del demandado y en contra del demandante, y en su virtud declaró sin lugar la demanda, ordenando que el demandante nada obtenga y recobre del demandado, con las costas al primero.

Esa sentencia ha venido á nosotros en grado de apelación interpuesta por la representación de Huyke, y dicho recurso pende hoy de decisión ante esta Corte Suprema después de vistas y oídas las alegaciones escritas y orales de ambas partes.

Aunque el letrado defensor de Enrique Huyke ha traído al debate varias cuestiones legales en apoyo del recurso, en realidad de verdad, la única cuestión legal que nos toca resolver es la de si es aplicable al presente caso en favor de Huyke y en contra de Arrese el artículo 453 del antiguo Código Civil, que es el 455 del que actualmente rige.

Ese artículo dice así:

"Los gastos necesarios se abonan á todo poseedor; pero solo el de buena fe podrá retener la cosa hasta que se le satisfagan.

"Los gastos útiles se abonan al poseedor de buena fe con el mismo derecho de retención, pudiendo optar el que le hubiese vencido en su

posesión, por satisfacer el importe de los gastos ó por abonar el aumento de valor que por ellos haya adquirido la cosa.''

Admitimos que Enrique Huyke poseyó de buena fe y por título de adjudicación las dos fincas á que se contrae el presente pleito, y como consecuencia de aquélla posesión de buena fe, es indudable que Huyke tiene derecho á ser reintegrado de los gastos necesarios y útiles hechos en las fincas de que se trata; pero sostenemos que no puede exigir ese reintegro á Estéban Arrese.

Entre Huyke y Arrese no ha habido cuestión alguna de posesión que se haya decidido á favor del segundo, la adjudicación de las fincas á favor de Huyke fué cancelada en el registro de la propiedad, y, por tanto, dejó de tener existencia legal desde que se verificó la cancelación; Arrese no adquirió de Huyke las fincas sino de la Sociedad Massanet y Vidal contra la que dirigió su acción ejecutiva para el cobro de una deuda de seis mil quinientos pesos, y con las fincas adquirió las mejoras por título de adjudicación, pagando en su virtud el importe de ellas. El beneficio de esas mejoras no fué para Arrese, sino para la Sociedad demandada Massanet y Vidal que así pagó á Arrese en parte lo que legítimamente le adeudaba.

Sobre las fincas adquiridas por Arrese no pesaba carga alguna real á favor de Huyke, y no puede, por tanto, ser compelido al reintegro de una cantidad que como carga pesara sobre aquéllas. La acción para obtener dicho reintegro es puramente personal, y esa acción no puede derivarse del solo hecho de haber venido Arrese á ser dueño por título oneroso de las fincas que recibieron las mejoras.

En apoyo de la doctrina expuesta, podemos citar la sentencia del Tribunal Supremo de España de 27 de junio de 1899 que, en un caso análogo, resolvió no ser de aplicación el texto legal ya transcrito por tratarse de terceros, como hoy Arrese, que adquirieron con las condiciones de la Ley Hipotecaria.

Las alegaciones hechas por la parte apelante sobre infracción de los artículos 361, 1089 y 1887 del antiguo Código Civil, que son los 370, 1056 y 1788 del hoy vigente, relativo el primero de dichos artículos á la accesión por edificación, siembra ó plantación de buena fe en terrenos ajenos, y los dos últimos concernientes á cuasi contratos, no tienen aplicación alguna al caso de autos, pues cuando el demandante edificaba ó reparaba las dos fincas de que se trata, lo hacía en bienes que poseía como propios, á virtud de título de adjudicación que por orden judicial fué luego cancelado, y porque entonces no había términos hábiles para que pudiera cuasi contratar con Estéban Arrese, que adquirió dichos bienes mucho tiempo después.

Por las razones expuestas, procede la confirmación de la sentencia apelada, con las costas del recurso también á cargo del apelante Enrique Huyke.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.