FÉLIX MATOS BERNIER, demandante-apelante-apelado, *v.* ADE-LAIDA CORONAS, BENITO ZALDUONDO, ARTURO CARRERAS, y SERGIO LEÓN LUGO, demandados-apelados-apelantes; FÉLIX MATOS BERNIER, demandante y apelado, *v.* ADELAIDA CORONAS, BENITO ZALDUONDO, ARTURO CARRERAS y SERGIO LEÓN LUGO, demandados y apelantes.

Nos. 4101 y 4103.—*Vistos:* Junio 7, 1928. *Resueltos:* Junio 27, 1928.

*Erasto Arjona Siaca y Carlos J. Torres,* abogados de los apelantes; *Francisco Parra Capó y L. Llorens Torres,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La finca objeto de este pleito, que es el solar con casa

marcado con el No. 7 de la calle de la Victoria, hoy Simón Moret, de la ciudad de Ponce, fué comprado por Adelaida Coronas Fernández por escritura pública del año 1878, estando casada con Vicente Gómez Gallero y fué inscrita a su favor en el Registro de la Propiedad en 1884. Después de ser viuda otorgó dicha señora escritura de venta de esa finca en España en el año 1921 a favor de Arturo Carreras Delgado en la que manifestó que en 1878 había comprado el solar con una casa de madera, que fué substituida en 1882 por otra de mampostería, o sea, de cal y ladrillo; que era de su exclusiva propiedad por haberla adquirido con parte del dinero que heredó de su padre; y que desde el año 1884 la había vendido con licencia de su esposo a Arturo Carreras, aunque no le otorgó escritura por causas ajenas a su voluntad. No constando del registro que esa finca fuera un bien privativo de la esposa, en otra escritura del año 1923, otorgada también en España, Adelaida Coronas y su hijo Vicente Gómez Coronas, como único heredero declarado judicialmente de su padre Juan Gómez Gallero, hicieron referencia a la escritura del año 1921 y ratificaron aquella venta, siendo inscrita la finca a nombre de Arturo Carreras el 18 de enero de 1924. Tres meses después de esta inscripción, por escritura de 23 de abril de 1924, Arturo Carreras Delgado vendió la mencionada finca a Sergio León Lugo, y a nombre de éste fué hecha en 12 de mayo de 1924 la tercera y última inscripción de esa finca.

En junio de 1924 Félix Matos Bernier demandó a Adelaida Coronas, a Benito Zalduondo, a Arturo Carreras y a Sergio León Lugo alegando que la expresada finca, que se describe en la demanda, le pertenece por haberla comprado en los últimos meses de 1918 y primeros meses de 1919 a Adelaida Coronas por mediación de su apoderado en esta isla Benito Zalduondo, venta que no se elevó a escritura pública debido a ciertos defectos que aparecían del registro de la propiedad según informes del notario encargado de la

escritura, no obstante lo cual tomó posesión de la finca, y por haber quedado la casa totalmente destruida por los temblores de tierra ocurridos en esta isla allá por el 11 de octubre de 1918 edificó y reformó la casa con su peculio propio gastando unos $5,000; que la compra la hizo por $3,000, cantidad que por orden del apoderado de dicha señora quedó a su disposición en poder del demandante hasta que fuese firmada la escritura correspondiente; y que posteriormente ha requerido al apoderado de la Sra. Coronas para que le otorgue escritura de esa compraventa sin que él se la haya otorgado ni tampoco la señora Coronas.

Como segunda causa de acción se reprodujeron esas alegaciones y se agregaron las siguientes: que enterado el apoderado Zalduondo de las mejoras hechas en la casa por el demandante, se confabuló y conspiró con su cuñado Arturo Carreras y con su poderdante Adelaida Coronas para despojar de esa finca al demandante y simulada y falsamente hicieron que apareciera en una escritura que se dice otorgada en 1923 que Adelaida Coronas había vendido esa finca a Arturo Carreras en 1884, siendo lo cierto que Carreras nunca ha sido dueño de ella: que Sergio León Lugo, Zalduondo y Carreras, continuaron esa conspiración para despojar al demandante de la finca, y sabiendo que éste es su dueño y que la posee con tal título desde 1919, otorgaron la otra escritura por la cual Carreras vendió a León Lugo por $3,600 dicha finca, siendo ficticio ese precio; y que por esa compra Sergio León Lugo ha demandado en desahucio al demandante, demanda que ha sido conocida por el público y por la familia del demandante y que le ha causado sufrimientos. Como tercera y última causa de acción se dan por reproducidas las precedentes alegaciones y se expone: que esos actos de los demandados han causado perjuicios al demandante en la cantidad de $10,000. Por esas alegaciones solicitó el demandante sentencia a su favor que condenase a Adelaida Coronas a otorgarle escritura de venta: que de-

clarase nulas las compras hechas por Carreras y por Sergio
León con cancelación en el registro de sus inscripciones; y
que los demandados le paguen $10,000 como indemnización
de daños y perjuicios.

El único demandado que contestó la demanda fué Sergio
León Lugo, quien se opuso a ella y alegó como defensa su
carácter de tercero por haber comprado de quien en el regis-
tro aparecía como dueño, sin que en él exista asiento alguno
a favor del demandante que lo llevara a tener conocimiento
de que él era el dueño de la finca y la poseía; que pagó ante
notario el precio de la compra que hizo y que no se confabuló
con nadie para la compra; solicitando que la sentencia lo
absuelva de la demanda y declare con lugar sus defensas así
como que es el único y legítimo dueño de la finca, y que el
demandante la deje a su libre disposición.

Adelaida Coronas no fué citada y emplazada y en cuanto
a Carreras y a Zalduondo se les anotó su rebeldía, celebrán-
dose después el juicio y recayendo sentencia declarando con
lugar la demanda en cuanto a Benito Zalduondo y Arturo
Carreras Delgado a quienes condena mancomunada y solida-
riamente a pagar al demandante la cantidad de $4,265.69 por
el importe de la inversión hecha en la finca por el demandante,
y sin lugar la demanda en cuanto a estos dos demandados en
todos los demás extremos; sin lugar también la demanda en
todas sus partes en cuanto a Sergio León Lugo, a quien de-
clara único y legítimo dueño de la expresada finca con buena
fe y justo título sobre ella; y condena al demandante a que
deje esa finca a la libre disposición de Sergio León Lugo.

Contra esa sentencia interpuso el demandante recurso de
apelación que se ha tramitado en este Tribunal Supremo con
el No. 4101, haciendo constar en su escrito que lo establecía
en cuanto a los siguientes pronunciamientos: primero, en
cuanto declara sin lugar la demanda en todas sus partes con
respecto al demandado Sergio León Lugo; segundo, en cuanto
declara con lugar las defensas interpuestas por Sergio León

Lugo; tercero, en cuanto declara que Sergio León Lugo es el único y legítimo dueño de la finca con buena fe y justo título sobre ella; cuarto, en cuanto condena al demandante Félix Matos Bernier a que deje la finca en litigio libre y expedita al dicho demandado Sergio León Lugo; quinto, en cuanto declara sin lugar la demanda en todas sus partes con respecto a los demandados Arturo Carrera y Benito Zalduondo con referencia a los daños y perjuicios sufridos por el demandante Félix Matos Bernier, en adición a la suma de $4,265.69, invertida por éste en el inmueble litigioso.

También apelaron Zalduondo y Carreras, en cuyo recurso, tramitado bajo el No. 4103 de este tribunal, no han presentado alegato para sostenerlo por lo que debemos desestimar estas apelaciones.

Aunque la parte apelante alega quince motivos de error contra la sentencia apelada no tendremos necesidad de considerarlos separadamente porque todos ellos se refieren a tres cuestiones fundamentales, a saber: por no haber sido condenados los demandados Zalduondo y Carreras en daños y perjuicios en adición a los $4,265.69 que el apelante invirtió en la casa: en no haber condenado a Sergio León Lugo también a indemnización, y tercero, en haber declarado que Sergio León Lugo es el dueño de la finca y que tiene derecho a que se le entregue por el demandante.

Desestimada la apelación de Zalduondo y de Carreras contra la sentencia que los condenó a pagar al demandante la cantidad de $4,265.69 como importe del dinero invertido por el apelado en la casa en cuestión, queda firme esa condena en cuanto a ellos y sólo nos resta considerar en este particular si debieron ser condenados también a pagar los $10,000 que se reclaman como indemnización de perjuicios, o parte de esa cantidad.

La demanda se limitó en su tercera causa de acción a reclamar esa cantidad como indemnización sin especificar en qué consistían los daños; y en el juicio no presentó prueba

de ellos, apareciendo solamente de ella que el demandante es un escritor conocido y que la demanda de desahucio que contra él estableció Sergio León Lugo después de serle vendida dicha casa, la que fué declarada sin lugar y sin costas, le produjo sufrimientos y un gasto de $800 por su defensa en ese juicio.

En vista de lo expuesto la corte inferior no cometió error al dejar de condenar a Zalduondo y Carreras a indemnizar por esos perjuicios, ni tampoco en no condenar en ellos a Sergio León Lugo, porque como luego veremos, él ejercitó la acción de desahucio por ser dueño de esa finca.

A fines del año 1918 y principios de 1919, Benito Zalduondo, diciendo ser apoderado de Adelaida Coronas, residente en España, sostuvo correspondencia con Félix Matos Bernier para venderle la finca en litigio, conviniendo en el precio, el cual nunca ha sido entregado por Matos, ni la escritura correspondiente se ha otorgado; pero mientras se otorgase esa escritura el Sr. Matos Bernier se hizo cargo de alquilar la casa y de enviar el precio del arrendamiento a Zalduondo, como lo hizo, por lo menos hasta el 25 de febrero de 1920 en cuya fecha escribió el apelante a Zalduondo una carta en la que le manifestaba haber alquilado la casa y remitiéndole el dinero por el arrendamiento de ella. Algún tiempo después Matos Bernier hizo por su cuenta reformas en esa casa y conceptuándose dueño de ella por su negociación con Zalduondo la ocupó con su familia. Tal era el estado de cosas cuando fué inscrita la venta hecha a Carreras y cuándo algún tiempo después también se inscribió la verificada a Sergio León Lugo.

En este pleito no se ha presentado prueba alguna de que Zalduondo tuviera poder expreso de Adelaida Coronas para vender sus bienes ni de que ésta interviniera para nada en las negociaciones de Zalduondo y de Matos Bernier.

Con respecto a Sergio León Lugo tampoco hay prueba de que él tuviera conocimiento de las negociaciones habidas entre

Zalduondo y Matos Bernier cuando compró la casa con su solar, de las que se enteró después de haber notificado su adquisición al Sr. Matos, quien ocupaba la finca en concepto de arrendatario, según le comunicaron Carreras y Zalduondo; y del registro nada aparece que impidiera a Carreras vender dicha casa y solar, inscritos a su nombre por título de compra, por lo que en vista de lo expuesto no podemos declarar que la corte inferior cometiera error al estimar que Sergio León Lugo hizo esa compra, cuyo precio pagó ante el notario que autorizó la escritura, de buena fe y que tiene un justo título a ella; y por eso tampoco cometió error al disponer, como solicitó el demandado León Lugo en su contestación como consecuencia de sus defensas, que Matos Bernier deje esa finca a la libre disposición del comprador León Lugo.

 Como el pleito se ha seguido en Ponce y Zalduondo y Carreras viven en San Juan, así como otros testigos cuyas declaraciones quería utilizar el demandado León Lugo, se tomaron deposiciones a dichos testigos cuya admisión en el juicio fué impugnada por el apelante, siendo éste uno de los motivos de su recurso; pero no solamente la Corte Municipal de San Juan encargada de tomar esas deposiciones comunicó oportunamente a la Corte de Distrito de Ponce el día señalado para tomarlas a fin de que fuesen notificados los abogados de las partes, lo que hemos de suponer que fué hecho por no haber prueba en contrario, sino que uno de los abogados del apelante admitió en el juicio que la notificación fué hecha pero insistió en su oposición porque no se le entregó copia del interrogatorio que se haría a los testigos. Sin embargo, tal requisito no era necesario porque la Ley de Evidencia que lo requiere para deposiciones tomadas fuera de esta isla no lo exige para las que aquí se toman, como puede verse por los artículos 139 y 144 de dicha ley.

██ También alega el apelante que la corte inferior cometió error al no hacer aplicación en este caso del artículo

455 del Código Civil, que se halla en el capítulo que trata de los efectos de la posesión, y según el cual los gastos necesarios se abonen a todo poseedor, pero sólo el de buena fe podrá retener la cosa hasta que se los satisfagan etc., de donde deduce que poseyendo la casa de buena fe en virtud de su negociación con Zalduondo tiene derecho a retenerla mientras le sea pagada la cantidad que en ella invirtió.

Hemos visto que si bien Zalduondo manifestó a Matos ser apoderado de Adelaida Coronas, no se ha probado que en efecto lo fuera ni que tuviera facultad expresa para venderla en nombre de ella y que la finca fué comprada por la Sra. Coronas estando casada, sin que conste del registro la procedencia del dinero empleado en esa compra, por lo que resulta ser ganancial, a pesar de lo cual Matos negociaba con Zalduondo como apoderado de uno solo de los condueños, por lo que la posesión de Matos en la finca no puede ser considerada de buena fe contra los dueños, y por tanto no tiene derecho a retener la finca contra su actual derechohabiente hasta que le sean pagados los gastos hechos en la finca. Pero aun suponiendo que fuera un tercero de buena fe, tampoco tendría derecho a retener la finca contra Sergio León Lugo de acuerdo con el caso de *Huyke* v. *Arrese,* 12 D.P.R. 391, porque, como en él se dijo, las disposiciones del artículo 455 del código citado no tienen aplicación con aquellos que tuvieren el carácter de terceros por haber adquirido con las condiciones de la Ley Hipotecaria, y aunque haya poseído de buena fe carece de acción contra el tercero que compró, pues sobre la finca no pesaba carga alguna real.

Por los motivos expuestos la apelación No. 4103 interpuesta por Zalduondo y por Carreras *debe ser desestimada;* y el recurso de Félix Matos Bernier, tramitado con el No. 4101, *debe ser declarado sin lugar y confirmada en cuanto a él la sentencia apelada.*

El Juez Asociado Sr. Texidor no intervino.